OPINION of the Court, by
Judge Clark.
This, was an action on the case brought by Gregory against Thomas, in the Washington circuit court, for a malici-. ous prosecution, instituted by Thomas against him, for stealing- a ploughshare.
On the trial of the cause, the court permitted the defendant (under a plea of probable cause') to prove any particular charge or imputation of theft of any kind, which had been committed by the plaintiff at any period oí his life, though unconnected, in circumstances with-any matter of fact specially alleged in the pleadings.
It will be only necessary to inquire, how far such evi-.. deuce was legal.
It is a general rule, that in all cases where general’ character or behaviour is put in issue, evidence oí par-, ticular facts may be admitted, but not where it comes, in collaterally- — Esp. N., P. 788,
If the general character of tire plaintiff in this cause was not in issue, it was improper in the court to permit the inquiry to extend farther than to his general cha-, racter. Every man may be supposed capable of supporting his general: character, but we cannot presume-him.always ready to.answer particular facts, unless he has had notice, by their being specially set forth in the plea, or by having his general character put in issue,, which will ¡m considered as notice* The defendant-bath set. forth i» his plea, what cause», and grounds of-suspicion he had to prosecute the plaintiff: these causes and grounds are properly confined to circumstances connected- with the particular charge ; the e vide tice-therefore to support theta must be special, and confined to the particular facta put in issue. We cannot suppose, when the whole defence (as in this case) arises from the proof of particular facts, the general character is put in issue.
We therefore think the court ought sot to have permitted the inquiry to have extended further than to the plaintiff’s general character.
Wherefore it is considered by the court, that the judgment of the circuit court be reversed, and the ver-diet ol the jury set. aside ; and that the cause be remanded to said court, for a new trial to be had not mc&nsk-leat with die foregoing opinion.